The defendant Williams alone put in an answer, on which he (119) moved for a dissolution of the injunction which had been granted on the bill. The answer stated that Britt was indebted to this defendant, and becoming insolvent, or likely to be so, he took the deed of trust to secure the payment of his debt; and proceeded: "That for the purpose of making his deed of trust good and having the control of the judgment debt, he paid Brinkley the debt and took an assignment of it; and that having thus got the control of both the execution and the deed of trust, the defendant, deeming that he had a right to use them as best comported with his own interest and would most effectually secure him from loss, abandoned the levy of the execution and had the sale made under the deed of trust." The answer admitted that Britt was insolvent and had left the State, and that the defendant had understood that the complainant was the surety for Britt, but stated that he did not know it.
His Honor allowed the motion of the defendant, and dissolved the injunction with costs, from which an appeal was granted to the plaintiff.
This Court is unable to take the same view of the case which his Honor did. The bill appears to us to present every fact material to the equity asked by the plaintiff, and the allegations of the bill are either admitted or not denied, which, in this stage of the proceedings, is all one. It must be taken, then, that the execution was levied at the instance of the surety on the property of the principal, and would have been satisfied but for the admitted acts of the defendants; and that now it cannot be satisfied out of the effects of the principal, who is insolvent. The question is, whether those acts of the defendants are justifiable, or are so injurious to the plaintiff as to discharge him. *Page 105 
The decree does not express the principle on which it is founded. We suppose it to have gone on the ground taken in the answer, that the defendant Williams, being the owner of the two debts, had the right so to dispose of the respective securities as to protect himself (120) in the result from any loss.
This Court does not accede to that doctrine so far as the creditor endeavors to save himself from the loss of one debt by throwing on the surety the loss of the other. The surety is entitled to the benefit of every additional or collateral security which the creditor gets into his hands for the debt for which the surety is bound. As soon as such a security is created, and by whatever means, the surety's interest in it arises; and the creditor cannot himself nor by any collusion with the debtor do any act to impair the security or destroy the surety's interest. He is bound not to do it. A security stands upon the same footing with a payment. If the principal direct the fund to be applied to the payment of a debt for which the surety is bound, the creditor cannot for his own advantage change the application to another debt. As respects the surety, the debt is paid. So if the debtor give the creditor a mortgage as a further security for a debt, for which a surety is before bound, the creditor cannot for any purpose of ease to the debtor or of advantage to any third person, or to himself, surrender the mortgage or direct the mortgaged property to another purpose. The creditor was not bound to be active in obtaining the mortgage; but once accepted, he must keep it on foot for the benefit of the surety as well as himself. Besides his own interest, he is a trustee for all concerned. Moreover, in the execution of it the debtor intended not only the surety of the creditor, but the indemnity of the surety; and, therefore, the surety must be consulted before one or both of the other parties can dispose of the mortgage. It is the same with securities not provided by the debtor or obtained against him in invito. If the creditor take judgment against the principal and release it, the surety is of course discharged. So it was held by us in Cooper v. Wilcox, 22 N.C. 90, that a fieri facias levied was a substantive additional security to the extent of all the property seized, and that to discharge it, for favor to the principal, exonerated the surety. The purpose of applying the fund to the satisfaction of another debt to the same creditor will not authorize the surrender of the mortgage or the discharge of the levy more than favor to the debtor would; for the creditor is to the extent of the sureties held by him a trustee for (121) the surety, and therefore cannot upon any pretense deal to his prejudice without his consent. To the extent the property would satisfy the debt the surety is, as cestui que trust of the creditor, to be considered in this Court the owner of it. To the same extent the application made *Page 106 
in this case is, in the view of equity, taking one man's property to pay the debt of another.
But the case is yet stronger than if Brinkley had been the creditor in both instances. The assignment does not give Williams the legal title to the judgment, but it transfers that, and no more, which Brinkley could justly and equitably transfer. If we admit that Brinkley could have withdrawn the execution to let in another debt to himself, on the law of self-preservation, yet he ought not to do so in favor of another creditor, who had no previous claim on his benevolence and no specific claim on the property. Brinkley's duty to the plaintiff was to allow the lien of the execution to be enforced by the sheriff, and not to transfer the debt for the very purpose of destroying that lien; and Williams ought not to have accepted what he knew Brinkley ought not to give.
In the opinion of the Court the injunction should have been continued until the hearing; and if the plaintiff should establish the facts that he was surety and that the land levied on was of greater value than the debt — both of which we nearly collect from the answers — he will be entitled to a decree discharging him altogether. The decree must, therefore, be
PER CURIAM. Reversed, with costs.
Cited: Green v. Crockett, post, 392; Hall v. Robinson,30 N.C. 61; Smith v. McLeod, 38 N.C. 396; Allen v. Smitherman,41 N.C. 347; Thornton v. Thornton, 63 N.C. 213; York v. Landis,65 N.C. 537; Scott v. Timberlake, 83 N.C. 385; Hamilton v. Mooney,84 N.C. 15; Bank v. Homesley, 99 N.C. 533; Bell v. Howerton, 111 N.C. 71; Holden v. Strickland, 116 N.C. 192; Patton v. Carr, 117 N.C. 180; Bank v. Nimocks, 124 N.C. 361; Williams v. Lewis, 158 N.C. 578; Lea v. Utilities Co., 178 N.C. 509.
(122)